MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
Email: jmandour@mandourlaw.com
BEN T. LILA (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for plaintiff,
Chicvision Technology Co., Limited

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chicvision Technology Co., Limited, a Hong Kong limited company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Ye Chen, aka "Causpreiau", an individual,<br><br>　　　　　Defendant. | Civil Case No. 2:25-cv-8567<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

\\
\\
\\

Plaintiff Chicvision Technology Co., Limited , by and through its counsel, alleges for its complaint against defendant Ye Chen as follows:

## NATURE OF THE ACTION

1. This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501, *et seq*. (copyright infringement) and 28 U.S.C. §§ 1331 (federal question jurisdiction), 1338(a) and 1338(b) and supplemental jurisdiction for any state causes of action.

## THE PARTIES

2. Plaintiff Chicvision Technology Co., Limited ("Chicvision Technology") is a limited company organized under the laws of Hong Kong with its principal place of business in Hong Kong.

3. Defendant Ye Chen ("Chen" or "Causpreiau"), on information and belief, is an individual located in Zhejiang Province, People's Republic of China.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1338, because, *inter alia,* the action arises under the copyright laws of the United States.

5. This Court has personal jurisdiction over defendant Chen, because Defendant consented to personal jurisdiction in this District in a written notice. A true and correct copy of defendant's written consent is attached hereto as Exhibit A.

6. Venue is proper and reasonable in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims for copyright infringement occurred in this district and defendant has consented to venue in this jurisdiction.

\\
\\
\\

## FACTS

7. Plaintiff Chicvision Technology is a company engaged in the development, sale and marketing of clothing products.

8. Chicvision Technology is the owner, author and/or assignee of a certain copyrighted clothing design work entitled "Chicwish Bat Star and Moon Pattern". Exemplary images showing the copyrighted works are attached hereto as Exhibit B.

9. The Chicwish Bat Star and Moon Pattern is the subject of Chicvision Technology's U.S. Copyright Registration No. VA 2-429-957. A true and correct copy of the U.S. Copyright Office's reports regarding the copyright registration is attached hereto as Exhibit C.

10. Chen is also engaged in the sale and marketing of clothing products.

11. On information and belief, Chen accessed the Chicwish Bat Star and Moon Pattern design by seeing and/or acquiring Chicvision Technology's products. Chen then made or had made infringing products based on copies of the designs.

12. Chen's infringing products are identical, and/or at a minimum substantially similar, to Chicvision Technology's copyrighted designs. An exemplary, true and correct copy of Chen's website and Amazon listings with his products comprising the infringing designs is attached hereto as Exhibit D.

13. Defendant's copying, republication and exploitation of plaintiff's copyrighted works and/or the creation of derivative works therefrom was without authorization from plaintiff. Defendant's copying was willful, oppressive, malicious and done with wrongful intent to infringe the rights of plaintiff.

\\
\\
\\
\\

# CLAIMS OF RELIEF

## FIRST CLAIM OF RELIEF

### (Copyright Infringement – 17 U.S.C. § 501)

14. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 13 of the complaint as though fully set forth herein.

15. At all times relevant hereto, plaintiff has been the owner, author and/or assignee of all copyright rights or rights to assert copyright claims for its works and all derivative works.

16. Without authorization, defendant used, copied, reproduced, and republished the copyrighted material and/or created derivative works therefrom. Defendant's copying, reproduction, and republication and/or creation of derivative works were commercial in character and purpose. Defendant either completely or substantially used plaintiff's copyrighted content. Because the copying was for commercial purposes, it did not constitute fair use under any doctrine of copyright law.

17. Plaintiff did not authorize defendant's copying, displaying, or republishing of the works or the creation of derivative works therefrom. Defendant infringed the copyrights of plaintiff's creative works by, *inter alia,* reproducing, republishing, publicly displaying, and creating derivates of the works.

18. As a result of defendant's infringement, plaintiff has suffered, and will continue to suffer, substantial losses.

19. Defendant knew the infringed works belonged to plaintiff and that they did not have authorization to exploit plaintiff's works. Defendant's infringements were, therefore, willful.

20. On information and belief, defendant induced, caused and materially contributed to the infringing acts of others by encouraging, inducing, allowing, and assisting others to reproduce and republish plaintiff's works. Further, on

information and belief, defendant had knowledge of the infringing acts of others relating to plaintiff's copyrighted works.

21. On information and belief, defendant has the right and ability to control the infringing acts of the individuals and entities that directly infringed plaintiff's works. Further, on information and belief, defendant obtained a direct financial benefit from the infringing activities of the individuals or entities that directly infringed plaintiff's works.

22. Defendant's actions, as set forth above, constitute copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501, *et seq.*, all to the damage of plaintiff as previously alleged.

23. By reason of the foregoing unlawful acts recited in the above paragraphs, plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damages award are imposed by this Court against defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks that this Court grant judgment against defendants for the following:

A. Defendant, his officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be permanently enjoined from:
   i. infringing plaintiff's copyrighted works;
   ii. indirectly, contributorily, or vicariously infringing plaintiff's copyrighted works; and,
   iii. conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in subparagraphs (i) - (ii) above.

B. Defendant shall file with the Court and serve on plaintiff, within 30

days after the entry and service on defendant of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which defendants has complied with the provisions of subparagraph (A) above.

C. Plaintiff be awarded statutory damages, to the extent allowable by law, for prosecuting this action.

D. Plaintiff recovers all damages it has sustained as a result of defendant's infringement.

E. Plaintiff be awarded enhanced damages due to defendant's willful infringement.

F. Plaintiff be awarded its reasonable attorneys' fees for prosecuting this action to the full extent allowable by 17 U.S.C. § 505 or other related statute.

G. Plaintiff recovers its costs of this action and pre-judgment and post-judgment interest, to the full extent allowed by law.

H. Plaintiff receives all other relief the Court deems appropriate.

Respectfully submitted,

Date: September 10, 2025         MANDOUR & ASSOCIATES, APC


　　　　　　　　　　　　　　　　/s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for plaintiff,
Chicvision Technology Co., Limited

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by the jury on its claims herein and all issues and claims so triable in this action.

Respectfully submitted,

Date: September 10, 2025          MANDOUR & ASSOCIATES, APC

      /s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for plaintiff,
Chicvision Technology Co., Limited

**EXHIBIT A**

EXHIBIT A





EXHIBIT A

-9-





EXHIBIT A

-10-

**EXHIBIT B**

EXHIBIT B



EXHIBIT B

**EXHIBIT C**

EXHIBIT C

Registration Number
**VA 2-429-957**
Effective Date of Registration:
January 27, 2025
Registration Decision Date:
January 28, 2025

## Title

**Title of Work:** Chicwish Bat Star and Moon Pattern

## Completion/Publication

**Year of Completion:** 2020
**Date of 1st Publication:** February 01, 2020
**Nation of 1st Publication:** United States

## Author

- **Author:** CHICVISION TECHNOLOGY CO LIMITED
  **Author Created:** 2-D artwork
  **Work made for hire:** Yes
  **Domiciled in:** Hong Kong

## Copyright Claimant

**Copyright Claimant:** CHICVISION TECHNOLOGY CO LIMITED
19H Maxgrand plaza, No.3 Tai Yau Street, San Po Kong, Kowloon, Hong Kong

## Rights and Permissions

**Organization Name:** CHICVISION TECHNOLOGY CO LIMITED
**Address:** 19H Maxgrand Plaza
No.3 Tai Yau Street
San Po Kong, Kowloon  Hong Kong

## Certification

**Name:** JIALE LIANG
**Date:** January 27, 2025

Page 1 of 2

EXHIBIT C

**Applicant's Tracking Number**: 3100127

**Correspondence**: Yes

Page 2 of 2

EXHIBIT C

**EXHIBIT D**

EXHIBIT D



EXHIBIT D



EXHIBIT D

-18-



EXHIBIT D